IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GREGORY LAMOND MARLAND,

        Plaintiff,                 No. CIV S-09-0307 JAM EFB P

    vs.

M.D. McDONALD, et al.,

        Defendants.          FINDINGS AND RECOMMENDATIONS
_____/

        Plaintiff is a state prisoner proceeding without counsel and *in forma pauperis* in an action brought under 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). On September 23, 2009, the court dismissed plaintiff's complaint with leave to amend. On November 6, 2009, plaintiff filed an amended complaint.

        The court has reviewed plaintiff's amended complaint pursuant to 28 U.S.C. § 1915A and, for the reasons explained below, finds it fails to state a claim for relief.

        In his original complaint, plaintiff alleged that defendant Wentz injured plaintiff's right shoulder by placing plaintiff in handcuffs behind his back for over three hours. Compl., Dckt. No. 1, ¶ 4. The court dismissed this claim with leave to amend, because plaintiff's allegations did not suggest that defendant acted sadistically and maliciously for the very purpose of causing harm. *See Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992). In an attachment to his original

1

complaint, plaintiff listed 83 individuals and entities as "defendants," but did not include any factual allegations linking any of the defendants to a deprivation of his federal rights. The court advised plaintiff that if wished to proceed on claims against any of those defendants, he must specifically identify each defendant and include factual allegations showing how each defendant was personally involved in violating his federal rights. Dckt. No. 9 at 3.

Plaintiff has failed to cure the deficiencies identified by the court in its initial screening order. In his amended complaint, plaintiff alleges that defendant Wentz placed plaintiff in handcuffs "close to 4 hours," which caused "injury to [his] right shoulder . . . ." Am. Compl., Dckt. No. 12, ¶ IV. Once again, plaintiff has not alleged facts suggesting that defendant used the handcuffs for the very purpose of causing harm, as opposed to a good faith effort to maintain or restore discipline. *See Meredith v. Arizona*, 523 F.2d 481, 483 (9th Cir. 1975) ("[n]ot every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights."). Plaintiff has also attached the same list of 83 defendants that he attached to his original complaint. Again, plaintiff fails to link any of these defendants to a deprivation of his federal rights.

Accordingly, it is hereby RECOMMENDED that this action be dismissed for plaintiff's failure to state a claim. *See* 28 U.S.C. § 1915A; *see also Lopez v. Smith*, 203 F.3d 1122, 1128 (9th Cir. 2000) (indigent prisoner proceeding without counsel must be given leave to file amended complaint unless the court can rule out any possibility that the plaintiff could state a claim).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections

////

within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 4, 2010.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE